IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

G. A. NARANJO
#30045-039
FEDERAL CORRECTIONS INSTITUTION
McKEAN; P.O. BOX 8000
BRADFORD, PA. 16701
    Plaintiff

                            vs.

JAMES F. SHERMAN - WARDEN

    McKEAN F.C.I.
    BRADFORD, PA 16701
        Defendant(s)

CIVIL NO. 05-106 Erie

PLAINTIFF PRO SE COMPLAINT

### NOTATION - DEFINITION(S)

Plaintiff is also an 'indigent' Appellant Litigant, "Pro Se" (appeals counsel withdrew), actively before the federal... Sixth Circuit Court of Appeals (#04-1108) and on first/direct criminal appeal. Plaintiff has made all case filings from about April-2004, and done singly/alone; 4-6 filings are yet to be done/sent per recent... Supreme Court ruling(s).

Hereinafter, Plaintiff shall be known "P/A", and James F. Sherman - Warden shall be noted as referenced.

- cont -

NARANJO v SHERMAN
Pg. 3 of 7

3) P/A has never been cited with any type rules, etc., violation or infraction or related action, sanction, prior to administrative detention.

4) P/A has been vocal and verbose, communicative thru writings about safety, etc., issue(s); the believed said detention focus. P/A has not subverted, secreted, denied, etc., issue(s) or related at any time to McKean.

5) P/A is, and has been, being treated differently and biasly to his peril, etc.. Other similar detention inmates have received personal access to their respective law and appeals, related and etc., materials within days of same request(s) made as P/A. But this P/A remains void of access, and has been denied reasons. The detention unit command Supervisor or Lieutenant Roy has granted P/A property Legals access, from February's 2nd week and confirmed granting(s) thereafter to P/A in person, but no access has been effected. P/A affirms writing no less than 8 memo(s) to include Lt. Roy about personal property access and related, and others.

6) P/A also affirms writing(s) complaint form(s) to include these matter(s) in paragraph 5, but done to no avail and no action taken.

7) P/A affirms also his detention redress process has taken similar path(s). P/A has been denied and deprived his valid choice(s) for detention representative(s). Memo(s) this P/A sent in these regards never reached their destinations; P/A spoke to these "choices" by direct personal contact(s) with him!

8) Relative to paragraph # 7 this P/A would like the District Court to send its own investigator to McKean. Detention redress has been tainted, unfair, thus far... No requested discovery and disclosure(s), evidences and case proofs, etc., have been forwarded; P/A was even improperly housed and confined for weeks in 'disciplinary unit' not administrative as required. P/A is also being denied, deprived, etc., standard redress forms available to others.

9) P/A upon his information and belief reasons that his legals (files, briefs, motions, case histories, research, books and references, legal notes and papers and etc.), are or have been confiscated or purposely damaged or altered, etc... Said legals are located with personal property and the subject of said access.

- cont -

NARANJO v SHERMAN
Pg. 5 of 7

10) P/A states and does affirm that McKean, while P/A was already in detention, apparently did not like the mid-February event of inmate(s) not wanting to exercise their choice(s) of not going to dinner/lunch or breakfast. McKean ensuingly went on lockdown alert for a brief period. Details of this are not factually known to this P/A.

11) If in fact safety issues were involved in item paragraph 10 then this P/A would be understanding, among other things.

## JURISDICTION

II  P/A affirms belief that jurisdiction in these matter(s) comes from, and noted only from memory, the following:

1) U.S. Constitution; 28 U.S.C. § 1331; Code of Federal Regulation #28 - Judicial admin. #541; Federal Rules Civil, Local Rules of District Court; other(s)...

2) Related reference(s) in this section not noted per no materials or law library access...

## RELIEF REQUESTED

III  Wherefore this Plaintiff, and said appellant, Prays for relief and respectfully moves this Honorable Court to:

a) grant injunctive relief to enable Plaintiff: to retain legal materials; access personal property housed in detention area(s); access the Sixth Circuit Court of Appeals (by mail(s)), and the detention area Law Library; etc...

b) grant Plaintiff injunctive relief, etc., to: gain medical, telephone, mails, commissary access, etc., as any other can and does.

c) grant Plaintiff said relief to gain past requested and denied disclosure(s) and case related * discovery, proofs, writing(s), images and photo(s), reports to include to S.I.S. and the U.S. attorney's and other investigative agency(s). Grant Plaintiff a fair, equittable redress(detention) and etc. process.

  * anything generated in the case matters.

d) grant Plaintiff rights, etc., option(s) to amend this complaint for monies damages, etc., to include any/all torts.

e) grant any other just, fair, etc., relief the court desires. Thank you...

_____   _____

date March 30- 2005   G. A. NARANJO
       G. a. Naranjo - Plaintiff
       # 30045.039 ; F.C.I. McKean

Plaintiff declares the complaint, given his limitations, is stated and presented as true fact(s).