**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| G.A. NARANJO,<br>       Plaintiff,<br><br>vs.<br><br>WARDEN JAMES F. SHERMAN,<br>       Defendant. | C.A. No. 05-106 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff G.A. Naranjo, an individual incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania, filed this civil rights action on April 5, 2005.

On March 7, 2006, this Court issued an Order directing Plaintiff to provide the United States Marshal Service with proper directions of service for Defendant. After being informed by the United States Marshal Service ("U.S. Marshal") that Plaintiff had not fully cooperated in its efforts to serve Defendant, this Court issued an Order on October 12, 2006, requiring Plaintiff to provide the U.S. Marshal with the necessary address information and documentation to allow Defendant to be served. [Document # 15]. The Order provided further that Plaintiff's failure to provide the necessary information to the U.S. Marshal on or before October 27, 2006, would result in the dismissal of this case for failure to prosecute. The U.S. Marshal has recently informed this Court that directions for service have not been provided by Plaintiff in accordance with this Court's Order dated February 2, 2006. A review of the docket entries in this case further indicates that service has never been effectuated on the Defendant.

The United States Court of Appeals for the Third Circuit has set out a six-factor

balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case. Further, Plaintiff has ignored an Order of this Court that expressly stated his case would be dismissed for failure to prosecute if he did not comply. Plaintiff is proceeding pro se and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: December 6, 2006

cc:    The Honorable Sean J. McLaughlin
       United States District Judge